1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| Wilbert Alexander ANAYA MURCIA, | Case No. 2:19-cv-587 |
| Plaintiff, | Agency No. A 205-472-424 |
| v. | |
| Elizabeth GODFREY, Field Office Director for Immigration and Customs Enforcement, Seattle Field Office; U.S. DEPARTMENT OF HOMELAND SECURITY; Kevin K. McALEENAN, Acting Secretary of Department of Homeland Security; Matthew T. ALBENCE, Acting Director of Immigration and Customs Enforcement; John P. SANDERS, Senior Official Performing the Functions and Duties of the Commissioner of Customs and Border Protection; William P. BARR, U.S. Attorney General, | **COMPLAINT FOR RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT AND THE MANDAMUS ACT** |
| Defendants. | |

COMPLAINT
Case No. 2:19-cv-587

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite. 400
Seattle, WA 98104
Tel. (206) 957-8611

# INTRODUCTION

Plaintiff Wilbert Alexander Anaya Murcia brings this Complaint against Defendants for depriving him of his statutory and constitutional right to appear in his removal proceedings. He was previously ordered removed *in absentia*. He subsequently filed a motion to rescind the *in absentia* order and reopen the removal proceedings so that he could apply for asylum, withholding of removal, and relief under the Convention Against Torture. The Immigration Judge (IJ) denied his motion and he filed a timely appeal to the Board of Immigration Appeals (Board). While his appeal was still pending, Defendants removed him from the United States, refusing to stay his removal pending the Board's decision. The Board subsequently granted Plaintiff's appeal to reopen his removal proceedings and vacated his *in absentia* order. His case was then remanded back before the IJ. However, Defendants refused to permit him to reenter the United States, despite his newly-reopened hearings before the immigration court. The IJ subsequently issued an order for Mr. Anaya Murcia to appear in person for his removal proceedings, but Defendants continue to refuse to allow his return.

Plaintiff now seeks an order from this Court requiring Defendants to facilitate his return to the United States so that he will not be deprived of his statutory and constitutional rights to a fair hearing, depriving him of any meaningful opportunity to exercise his statutory rights to apply for protection from removal. Mr. Anaya Murcia's next immigration court hearing is scheduled for August 29, 2019.

# JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 5 U.S.C. §§ 702-706 ((Administrative Procedure Act) ("APA")), 28 U.S.C. §§ 2201 and 2002 (declaratory relief), and 28 U.S.C. § 1361 (mandamus action).

COMPLAINT – 1
Case No. 2:19-cv-587

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite. 400
Seattle, WA 98104
Tel. (206) 957-8611

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the Plaintiff's claims occurred in this District, including the underlying removal proceedings which are based out of the immigration court in Seattle, Washington. Moreover, the Enforcement and Removal Operations office (ERO) of the Department of Homeland Security (DHS) that denied Plaintiff's request to facilitate his return to the United States is also located in Seattle, Washington. As such, venue is proper with the United States District Court for the Western District of Washington.

## PARTIES

3.      Plaintiff **Wilbert Alexander Anaya Murcia** is a 20-year-old citizen and national of El Salvador who has lived in the United States since 2012. Before his removal to El Salvador, he resided in Seattle, Washington.

4.      Defendant **Elizabeth Godfrey** is the Field Office Director of U.S. Immigration and Customs Enforcement's ("ICE") Seattle Field Office. Ms. Godfrey is responsible for the actions of the deportation officers within ICE Enforcement and Removal Operations who carry out the removals of noncitizens and facilitate their return. She is sued in his official capacity.

5.      Defendant **Department of Homeland Security** ("DHS") is the federal agency encompassing ICE, which is responsible for, among other things, detaining and removing noncitizens and enforcing the Immigration and Nationality Act ("INA"). The Department of Homeland Security also encompasses the U.S. Customs and Border Protection ("CBP") agency, which is responsible for, among other things, the inspection and admission of individuals to the United States.

6.      Defendant **Kevin K. McAleenan** is the Acting Secretary of DHS, which has executive authority over ICE and CBP. Mr. McAleenan is charged with administrating and

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite. 400
Seattle, WA 98104
Tel. (206) 957-8611

1    enforcing the immigration laws and is responsible for the "control, direction, and supervision, of

2    all employees" pursuant to 8 U.S.C. § 1103(a). He is sued in his official capacity.

3         7.    Defendant **Matthew T. Albence** is the Acting Director of Immigration and

4    Customs Enforcement ("ICE"). ICE is the agency within DHS that is responsible for detaining

5    and removing noncitizens, as well as returning them to the United States when so required. Mr.

6    Albence leads the detention and removal functions of ICE. He is sued in his official capacity.

7         8.    Defendant **John P. Sanders** is the Senior Official Performing the Functions and

8    Duties of the Commissioner of Customs and Border Protection ("CBP"). CBP is the agency

9    within DHS that is responsible for inspecting individuals seeking entry through the United States

10   borders and facilitating in parole and admission when so required. Mr. Sanders leads the

11   functions of CBP. He is sued in his official capacity.

12        9.    Defendant **William P. Barr** is the Attorney General of the United States. In that

13   capacity, he acts as the chief law enforcement officer of the federal government, supervising and

14   directing the enforcement of federal laws including the INA and Administrative Procedure Act

15   ("APA"). He is sued in his official capacity.

**STATEMENT OF FACTS**

16

17   **History of Removal Proceedings**

18        10.   Mr. Anaya Murcia is a citizen and national of El Salvador who arrived in the

19   United States as an unaccompanied minor at or near Hidalgo, Texas, on or around May 20, 2012.

20        11.   On May 20, 2012, while detained in immigration custody, Mr. Anaya Murcia,

21   then a fourteen-year-old child, was served with a Notice to Appear (NTA) charging him with

22   removability under 8 U.S.C. § 1182(a)(6)(A)(i) for presence in the United States without

1   admission or parole. He was detained in custody of the Office of Refugee Resettlement ("ORR")

2   in San Antonio, Texas. The NTA was filed with the immigration court in Harlingen, Texas.

3        12.     In or around August of 2012, Mr. Anaya Murcia was released from ORR custody

4   to his mother in Seattle, Washington.

5        13.     Mr. Anaya Murcia resided in Seattle, Washington, from August 2012 until his

6   detention and removal from the United States in or around June of 2017. During those five years,

7   Mr. Anaya Murcia attended school in Seattle, Washington.

8        14.     Mr. Anaya Murcia submitted a Notice of Change of Address on July 23, 2012.

9   The immigration court accordingly changed venue of his removal proceedings, transferring his

10   case from San Antonio, Texas to the Seattle Immigration Court. The immigration court in

11   Seattle, Washington, mailed a Notice of Hearing on September 12, 2012, advising Plaintiff he

12   was scheduled for a Master Calendar Hearing for October 23, 2013. Mr. Anaya Murcia did not

13   appear at this hearing, but the IJ recognized that the Notice of Hearing had not been mailed to the

14   new address, a United States Post Office Box (PO Box), provided along with the motion for

15   change of venue. Accordingly, the IJ continued the case for a later date.

16        15.     On October 24, 2013, the immigration court sent a hearing notice to the new PO

17   Box address scheduling a Master Calendar Hearing for July 3, 2014. On April 7, 2014, the

18   immigration court sua sponte sent a second hearing notice to the PO Box address rescheduling

19   the hearing to December 4, 2014. On October 21, 2014, the immigration court again sua sponte

20   changed the court date, sending a third hearing notice to the PO Box address rescheduling the

21   hearing to August 5, 2015. However, the third hearing notice was returned to the immigration

22   court. By this time, Mr. Anaya Murcia's mother had stopped delivery at the PO Box address. A

23   fourth Notice of Hearing was mailed on June 29, 2015, to the same PO Box address,

COMPLAINT – 4
Case No. 2:19-cv-587

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite. 400
Seattle, WA 98104
Tel. (206) 957-8611

1    rescheduling the Master Calendar Hearing for November 2, 2016. This notice was also returned

2    to the immigration court.

3          16.     Mr. Anaya Murcia did not receive the Notice of Hearing and therefore he did not

4    appear at his Master Calendar Hearing on November 2, 2016. The immigration court granted

5    DHS's motion to proceed *in absentia,* noting Mr. Anaya Murcia had received proper service of

6    the NTA and that DHS had established removability by clear and convincing evidence. Mr.

7    Anaya Murcia was ordered removed *in absentia* to El Salvador on November 2, 2016.

8          17.     Mr. Anaya Murcia intended to apply for asylum, withholding of removal, and

9    relief under the Convention Against Torture. Because he was ordered removed *in absentia,* he

10   never had the opportunity to apply for those forms of protection.

11         18.     On January 23, 2017, upon learning of the *in absentia* order, Mr. Anaya Murcia

12   filed a timely motion to reopen removal proceedings and vacate his *in absentia* order, along with

13   a statement and a Change of Address Form, with the immigration court.

14         19.     However, within a week, before the immigration court had an opportunity to

15   adjudicate the motion to reopen, DHS took Mr. Anaya Murcia into immigration custody, placing

16   him at the Northwest Detention Center.

17         20.     Thereafter, on March 13, 2017, the IJ denied Mr. Anaya Murcia's motion to vacate

18   his *in absentia* order. Mr. Anaya Murcia filed a timely Notice of Appeal to the Board on April 7,

19   2017.

20         21.     Approximately two months later, in June 2017, while his appeal was pending,

21   DHS executed the removal order, physically removing Mr. Anaya Murcia to El Salvador.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite. 400
Seattle, WA 98104
Tel. (206) 957-8611

22.     The Board subsequently granted Mr. Anaya Murcia's appeal.  On April 13, 2018, the Board vacated the *in absentia* order, and remanded his case to the immigration court for further proceedings.

23.     Thereafter, the immigration court scheduled a Master Calendar Hearing for August 1, 2018. Mr. Anaya Murcia then obtained the services of Northwest Immigrant Rights Project to represent him in his removal proceedings.

24.     Mr. Anaya Murcia's January 2, 2019, hearing was rescheduled by the immigration court to a later date—August 29, 2019. Defendants' refusal to facilitate Mr. Anaya Murcia's return to the United States for purposes of appearing at his proceedings may result in a second *in absentia* order of removal against Mr. Anaya Murcia.

**Defendants' Failure to Facilitate Mr. Murcia Ayala's Return to the United States**

25.     After prevailing on the motion to reopen, Plaintiff contacted ICE to request that ICE facilitate his return to the United States.

26.     The law makes clear that noncitizens who prevail on appeal after having been removed are entitled to pursue their claims for relief, and that "those who prevail can be afforded effective relief by facilitation of their return, along with restoration of the immigration status they had upon removal." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

27.     The federal government has come under criticism for its failure to re-admit individuals who prevail on their motions to reopen after being physically removed from the United States, despite its assurances to the Supreme Court in *Nken v. Holder*, 556 U.S. at 435, that removed individuals would be afforded facilitation on return. *See Nat'l Immigration Project of the Nat'l Lawyers Guild v. DHS*, Doc. No. 26, No. 11-cv-3235 (S.D.N.Y. Feb. 7, 2012)

COMPLAINT – 6
Case No. 2:19-cv-587

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite. 400
Seattle, WA 98104
Tel. (206) 957-8611

1    (Rakoff, J.) (noting there is "substantial evidence that the judicial process may have been

2    impugned by incorrect information provided to the Supreme Court.").

3            28.     In 2012, then Director of Defendant U.S. Immigration and Customs Enforcement,

4    John Morton, issued ICE Directive 11061.1, "Facilitating the Return to the United States of

5    Certain Lawfully Removed Aliens" ("ICE Directive"), which provides that ICE will facilitate the

6    return of individuals who prevail before the U.S. Supreme Court or a U.S. Court of Appeals on a

7    Petition for Review if "either the court's decision restores the [noncitizen] to lawful permanent

8    resident (LPR) status, or *the [noncitizen]'s presence is necessary* for continued administrative

9    removal proceedings." *See* ICE Directive 11061.1 (Feb. 24, 2012) (emphasis added).

10           29.     Plaintiff's counsel contacted ICE on July 13, 2018, and July 20, 2018, to request

11   they facilitate his return into the United States so that he could appear at his upcoming

12   immigration court proceedings. The requests were ignored.

13           30.     Mr. Anaya Murcia's counsel appeared at the August 1, 2018, hearing to inform

14   the immigration court that Mr. Anaya Murcia had been removed to El Salvador during the

15   pendency of his appeal and was requesting DHS facilitate his return to the United States. The

16   immigration court continued Mr. Anaya Murcia's case and set a future Master Calendar Hearing

17   date for January 2, 2019.

18           31.     Instead of facilitating his return, on August 20, 2018, DHS filed a Motion to

19   Dismiss noting "that continuation is no longer in the best interest of the government." On August

20   25, 2018, Counsel for Mr. Anaya Murcia filed an Opposition to DHS's Motion to Dismiss and,

21   separately, a Motion for Issuance of Subpoena requiring Mr. Anaya Murcia's presence for the

22   removal proceedings.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite. 400
Seattle, WA 98104
Tel. (206) 957-8611

32.     On August 31, 2018, DHS filed an Opposition to the Motion for Subpoena and on September 4, 2018, DHS filed a supplemental brief in support of their motion to dismiss.

33.     On November 15, 2018, the immigration court issued a decision granting the Motion for Issuance of Subpoena and denying DHS's Motion to Dismiss.

34.     On November 30, 2017, Plaintiff's counsel again reached out to the Seattle ICE Enforcement and Removal Operations ("ERO") to ask what steps DHS would take to facilitate Mr. Anaya Murcia's return to appear at his January 2, 2019, Master Calendar Hearing.

35.     On December 11, 2018, Assistant Field Office Director Jack Lippard ("Mr. Lippard") responded indicating that he "[does] not concur with [the] facilitation of return request."

36.     On December 12, 2018, the immigration court rescheduled Mr. Anaya Murcia's January 2, 2019, Master Calendar Hearing to a later date—August 29, 2019.

37.     Due to Defendants' refusal to facilitate his reentry into the United States, Mr. Anaya Murcia will not be able to appear for his Master Calendar Hearing in Seattle Immigration Court on August 29, 2019, and will be prevented from any meaningful opportunity to apply for relief from removal.

38.     Defendants' actions directly deprive Plaintiff from meaningfully exercising rights that he is entitled to by statute in the Immigration and Nationality Act ("INA"). In 1996, Congress amended the INA to provide noncitizens subject to a removal order the right to file a motion to reopen their removal proceedings. *See* 8 U.S.C. § 1229a(c)(7)(A). Individuals who were ordered removed *in absentia* can seek rescission of the order and reopening if they did not receive proper notice or failed to appear based on exceptional circumstances. *See* 8 U.S.C. §

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite. 400
Seattle, WA 98104
Tel. (206) 957-8611

1229a(b)(5)(C). If the immigration court denies a motion to reopen, a noncitizen first must

appeal the denial to the Board.

39.     The Ninth Circuit, like all other Courts of Appeals to address the issue, has held

that Congress's intent is unambiguously expressed through the INA and that the statutory right to

file a motion to reopen is "not limited by whether the individual has departed the United States."

*Toor v. Lynch*, 789 F.3d 1055, 1060 (9th Cir. 2015); *see also Reyes-Torres v. Holder*, 645 F.3d

1073, 1077 (9th Cir. 2011); *Coyt v. Holder*, 593 F.3d 902, 906 (9th Cir. 2010). Mr. Anaya

Murcia was physically present in the United States when he filed his motion to reopen and vacate

his *in absentia* order and he was physically present when he filed his appeal to the Board.

Despite his physical removal to El Salvador, Mr. Anaya Murcia has a right to continue to pursue

relief through immigration proceedings. *See Salgado-Diaz v. Gonzales*, 395 F.3d 1158, 1162 (9th

Cir. 2005).

40.     Despite Plaintiff's success on his appeal and motion to reopen, however,

Defendants refuse to permit him to return to the United States, thereby rendering his statutory

rights meaningless. Defendants have placed Plaintiff in a position where he cannot derive any

actual benefit from his reopened proceedings. Moreover, in denying Mr. Anaya Murcia

admission or parole into the United States, Defendants are depriving him of his statutory rights to

be present in his own removal proceedings, to present evidence, to confront the government's

evidence, and to access his counsel. *See* 8 U.S.C. §§ 1229a(b)(2), 1229a(b)(4)(B), 1362.

41.     Mr. Anaya Murcia's presence is necessary for him to properly pursue his

applications for relief. By refusing to facilitate his return, Defendants have denied Mr. Anaya

Murcia the ability to participate in his own removal proceedings and to obtain relief, including

asylum, for which he is *prima facie* eligible.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite. 400
Seattle, WA 98104
Tel. (206) 957-8611

**CAUSES OF ACTION**

**COUNT ONE**

**Violation of the Immigration and Nationality Act ("INA")**

42.     Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

43.     The INA specifically provides for procedural rights and protections for individuals in their removal proceedings. First and foremost, the INA provides an important mechanism to move a court or the BIA to reopen a case. *See* 8 U.S.C. § 1229a(c)(7). The INA provides a statutory right to move a court to reopen a case within 180 days after the date of the order of removal based on exceptional circumstances. *See* 8 U.S.C. § 1229a(b)(5)(C)(i). The Ninth Circuit Court of Appeals has recognized that physical removal of an individual does not preclude that person from pursuing a motion to reopen. *See, e.g., Coyt v. Holder*, 593 F.3d at 906; *see also Salgado-Diaz v. Gonzales*, 395 F.3d at 1162; *Reyes-Torres v. Holder*, 645 F.3d at 1077; *Toor v. Lynch*, 789 F.3d at 1060.

44.     In reaching its conclusion, the Ninth Circuit pointed to Congress's dual goals in the 1996 amendments to "encourage[e] prompt voluntary departure and speedy government action, while eliminating prior statutory barriers to pursuing relief from abroad." *Coyt*, 593 F.3d at 906. Thus, the Ninth Circuit reasoned that "[i]t would completely eviscerate the statutory right to reopen provided by Congress if the agency deems a motion to reopen constructively withdrawn whenever the government physically removes the petitioner while his motion is pending." *Id*. at 907. The Ninth Circuit later clarified that the statutory right to a motion to reopen proceedings applies even if the motion to reopen is filed after the individual departs the

1    United States, whether voluntarily or involuntarily. *See Toor*, 789 F.3d at 1057; *see also*

2    *Salgado-Diaz*, 395 F.3d at 1162.

3        45.    Just as an individual's statutory right to reopen cannot be eviscerated by the

4    government's physical removal of that person, it similarly should not be eviscerated by allowing

5    the government to prevent a person's return even where he has prevailed on a motion to reopen.

6    In refusing to facilitate Mr. Anaya Murcia's return to the United States where he has prevailed

7    on his motion to reopen, Defendants have effectively undermined his statutory right to vacate his

8    *in absentia* order and reopen his proceedings in violation of 8 U.S.C. § 1229a(b)(5)(C)(i).

9        46.    Additionally, the INA provides individuals the right to be present at their own

10   removal proceedings. *See* 8 U.S.C. § 1229a(b)(2); *see also* 8 U.S.C. § 1229a(b)(2)(B) (consent

11   required for merit hearings to be conducted by telephone conference and after advising the

12   individual "of the right to proceed in person"); 8 U.S.C. § 1229a(b)(3) (describing how the

13   Attorney General "shall prescribe safeguards" if it is "impracticable by reason of an

14   [individual]'s mental incompetency" to be present at the proceeding).

15       47.    Moreover, the INA provides statutory safeguards to ensure that persons in

16   removal proceedings are provided a fair hearing. This includes the right to have a "reasonable

17   opportunity to examine the evidence against the [noncitizen], to present evidence on the

18   [noncitizen]'s own behalf, and to cross-examine witnesses presented by the Government..." 8

19   U.S.C. § 1229a(b)(4)(B). Similarly, the INA codifies an individual's right to counsel. *See* 8

20   U.S.C. § 1229a(b)(4)(A).

21       48.    Although Mr. Anaya Murcia's motion to reopen removal proceedings and vacate

22   his *in absentia* order was denied by the Seattle Immigration Court, the Board sustained his

23   appeal and vacated the *in absentia* order, remanding the case back to the immigration court for

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite. 400
Seattle, WA 98104
Tel. (206) 957-8611

further proceedings on April 13, 2018. As such, Mr. Anaya Murcia is once again in removal

proceedings and has the statutory right to be present at his proceedings, as well as the right to

present evidence on his behalf and cross-examine witnesses and evidence presented by the

government. By refusing to facilitate Mr. Anaya Murcia's return, Defendants in effect seek to

unilaterally negate his statutory right to reopen his removal proceedings, as well as his statutory

rights providing for a fair hearing under the INA in violation of 8 U.S.C. § 1229a(b).

49.     Mr. Anaya Murcia retained undersigned counsel to represent him in his removal

proceedings. Mr. Anaya Murcia's inability to reenter the United States daily impedes his ability

to effectively communicate with his attorney and to meaningfully participate in his defense. Mr.

Anaya Murcia is *prima facie* eligible for asylum. This has not been disputed by the Department

of Homeland Security. The application for asylum requires a fact-intensive inquiry by the

immigration court and the submission of extensive documentation from the applicant. That Mr.

Anaya Murcia is stranded in El Salvador and living in hiding severely hinders his ability to

communicate with counsel to prepare for his application for relief, particularly as he faces a

dangerous situation every day that he is in the country where he fears persecution. By preventing

Mr. Anaya Murcia from re-entering the United States despite his success in reopening his

proceedings, Defendants have violated his statutory rights under the INA.

## COUNT TWO

**Violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq*.**

50.     Plaintiff repeats and incorporates by reference each and every allegation

contained in the preceding paragraphs as if fully set forth herein.

51.     Mr. Anaya Murcia is aggrieved by agency action under the Administrative

Procedure Act, 5 U.S.C. §§ 701 *et seq*. By obstructing Mr. Anaya Murcia's return to the United

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite. 400
Seattle, WA 98104
Tel. (206) 957-8611

1   States to participate in his removal proceedings, Defendants have acted arbitrarily and

2   capriciously, and otherwise contrary to law in violation of the INA and 5 U.S.C. § 706.

3       52.     In 1996, Congress passed the Illegal Immigration Reform and Immigrant

4   Responsibility Act ("IIRIRA") which, in part, codified for the first time a statutory right to

5   reopen for those subject to a final removal order. *See* Pub. L. No. 104-208, 110 Stat. 3009, § 304

6   (Sept. 30, 1996). Prior to 1996, motions to reopen were regulatory procedures, and it was not

7   until IIRIRA when Congress codified the right to file a motion to reopen. Pursuant to 8 U.S.C. §

8   1229a(c)(7), an individual may file a motion to reopen within 90 days of a final order of

9   removal, unless the order is based on a failure to appear. *See* 8 U.S.C. § 1229a(c)(7)(C)(iii). For

10  *in absentia* orders of removal, motions to reopen may be filed within 180 days for "extraordinary

11  circumstances" or at any time for lack of proper notice. 8 U.S.C. §§ 1229a(b)(5)(C)(i),

12  1229a(b)(5)(C)(ii). These amendments reflected Congress's dual goals to "expedite the physical

13  removal of those [noncitizens] not entitled to admission to the United States, while at the same

14  time increasing the accuracy of such determinations" by "eliminating prior statutory barriers to

15  pursuing relief from abroad." *Coyt*, 593 F. 3d at 906 (citing H.R. Rep. No. 104-469(I), at 111

16  (1996) and *Nken*, 556 U.S. at 429. Thus, the Ninth Circuit, among others, has held that physical

17  departure from the United States does not strip the courts of jurisdiction to adjudicate a timely

18  motion to reopen. *See Toor*, 789 F.3d at 1057; *see also Salgado-Diaz*, 395 F.3d at 1162.

19      53.     As discussed by the Supreme Court, IIRIRA "inverted" certain provisions of the

20  INA to encourage prompt government action while eliminating prior statutory barriers to

21  pursuing relief from abroad. *Nken*, 556 U.S. at 429. Thus, while there are no longer automatic

22  stays of a final removal order pending final action by the courts, physical removal no longer

23  precludes jurisdiction over petitions for review. *Id*. Similarly, now that ICE must carry out

COMPLAINT – 13
Case No. 2:19-cv-587

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite. 400
Seattle, WA 98104
Tel. (206) 957-8611

1    removal within 90 days of the administratively final order, *see* 8 U.S.C. § 1231(a)(1)(A),

2    individuals can still pursue relief through filing a timely motion to reopen, even from abroad. *See*

3    8 U.S.C. § 1229a(c)(7)(C); *see also Toor*, 789 F.3d at 1057; *see also Salgado-Diaz*, 395 F.3d at

4    1162.

5        54.     Mr. Anaya Murcia prevailed on his appeal. Defendants claim that despite Mr.

6    Anaya Murcia's success on his appeal which vacated his *in absentia* order and reopened his

7    removal proceedings, his eligibility for relief, and the subpoena issued by the immigration court,

8    Defendants have no obligation to facilitate his return to the United States.

9        55.     The ICE Directive explicitly provides for facilitation of return after success before

10   the U.S. Court of Appeals where the individual's "presence is necessary" for the continuation of

11   removal proceedings. *See* ICE Directive 11061.1 (Feb. 24, 2012). Applications for asylum are

12   heavily fact-intensive and Mr. Anaya Murcia will be required to testify to matters of which only

13   he has knowledge. Hence, Mr. Anaya Murcia's right to be present at his removal proceedings is

14   not only guaranteed by statute, *see* 8 U.S.C. §1229a(b)(2), but it is in this particular case

15   necessary for the proper adjudication of his removal proceedings.

16       56.     Mr. Anaya Murcia's case would fall within the ICE Directive if his motion had

17   been denied by the immigration court and the Board of Immigration Appeals, and he had instead

18   prevailed before the U.S. Court of Appeals. Instead, Mr. Anaya Murcia prevailed on his

19   administrative appeal before the Board. However, there is no meaningful basis to distinguish the

20   different procedural postures. As such, the Defendants' refusal to facilitate Mr. Anaya Murcia's

21   return is an arbitrary and capricious one.

22       57.     The Supreme Court has held that "an agency rule would be arbitrary and

23   capricious if the agency has relied on factors which Congress has not intended it to consider,

COMPLAINT – 14
Case No. 2:19-cv-587

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite. 400
Seattle, WA 98104
Tel. (206) 957-8611

1    entirely failed to consider an important aspect of the problem, offered an explanation for its

2    decision that runs counter to the evidence before the agency, or is so implausible that it could not

3    be ascribed to a difference in view of the product of agency expertise." *Motor Vehicle Mfrs.*

4    *Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Congress

5    provided for the right to vacate *in absentia* orders and reopen proceedings based on

6    "extraordinary circumstances" within a specified time limit of 180 days. 8 U.S.C. §

7    1229a(b)(5)(C)(i); *see also* 8 C.F.R. § 1003.23. Moreover, the regulations provide that the filing

8    of these motions to reopen "*shall* stay the deportation of the [noncitizen] pending decision on the

9    motion and the adjudication of any properly filed administrative appeal" of decisions on motions

10   to reopen. 8 C.F.R. § 1003.23(b)(4)(iii)(C). The Ninth Circuit has held that individuals can still

11   file motions to reopen after their physical removal from the United States. *See Toor*, 789 F.3d at

12   1057; *see also Salgado-Diaz*, 395 F.3d at 1162.

13        58.    However, Defendants assert that they will only facilitate the return of individuals

14   "where ICE removes an individual while his case is under judicial review and the case is later

15   remanded back to the administrative court." Such a rule is arbitrary and capricious.

16        59.    First, it frustrates Congress's intent to provide individuals with a meaningful

17   opportunity to exercise their statutory right to reopen their proceedings. Second, the rule

18   overlooks the fact that it leaves individuals who have prevailed on reopening their cases without

19   any relief. Third, it relies on an arbitrary distinction between motions to reopen litigated at the

20   agency level and those litigated before a Courts of Appeals – a distinction not otherwise made by

21   Congress as nothing in the INA explicitly or implicitly restricts an individual's benefit arising

22   from a motion to reopen litigated up to the Court of Appeals as opposed to one that is

23   immediately successful before the immigration court.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite. 400
Seattle, WA 98104
Tel. (206) 957-8611

60.     Defendants have been adamant in refusing to facilitate Mr. Anaya Murcia's return, notwithstanding the fact that he has prevailed on his appeal, his attendance has been required by the IJ, and his presence and testimony are necessary to properly adjudicate his applications for relief. As a result, Mr. Anaya Murcia remains stranded in El Salvador with no prospect of return and facing continued persecution. Defendants have acted arbitrarily and capriciously and otherwise contrary to law in violation of the INA and 5 U.S.C. § 706.

## COUNT THREE

### Violation of the Fifth Amendment Due Process Clause

61.     Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

62.     The Due Process Clause extends to noncitizens residing in the United States, whether they have lawful status or not. *See Mathews v. Diaz*, 426 U.S. 67, 77 (1976); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Specifically, "[i]t is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Salgado-Diaz*, 395 F.3d at 1162 ("Immigration proceedings, although not subject to the full range of constitutional protections, must conform to the Fifth Amendment's requirement of due process.").

63.     An individual "who faces deportation is entitled to a *full and fair* hearing of his claims and a *reasonable* opportunity to present evidence on his behalf. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (emphasis added). Thus, the right to be present at one's own removal proceeding is fundamental to due process. If an individual is overseas, he cannot be physically present for his hearings and is substantially hindered in his ability to testify, present witnesses and evidence, consult with his attorneys, and cross-examine the government's

COMPLAINT – 16
Case No. 2:19-cv-587

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite. 400
Seattle, WA 98104
Tel. (206) 957-8611

witnesses and evidence. Each of these rights are recognized due process rights in removal proceedings. *See Saidane v. INS*, 129 F.3d 1063, 1065 (9th Cir. 1997) ("[T]he government must make a reasonable effort in [immigration] proceedings to afford the [noncitizen] a reasonable opportunity to confront the witnesses against him or her."); *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004) ("Although there is no Sixth Amendment right to counsel in an immigration hearing, Congress has recognized it among the rights stemming from the Fifth Amendment guarantee of due process that adhere to individuals that are the subject of removal proceedings."); *Colemar*, 210 F.3d at 971 ("[An individual] who faces deportation is entitled to a … reasonable opportunity to present evidence on his behalf."); *see also Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004), *amended by* 404 F.3d 1105 (9th Cir. 2005) (emphasis omitted) ("[T]he extent to which [noncitizens] are entitled to effective assistance of counsel during [immigration] proceedings is governed by the Fifth Amendment due process right to a fair hearing.").

64.     Mr. Anaya Murcia has been denied the opportunity for a full and fairing as required by the Due Process Clause.

65.     A due process violation occurs where "(1) the proceeding was so fundamentally unfair that the [noncitizen] was prevented from reasonably presenting his case, and (2) the [noncitizen] demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620-21 (9th Cir. 2006) (internal quotation marks and citations omitted).

66.     Mr. Anaya Murcia is now in removal proceedings, having prevailed on his appeal. Although he is entitled to due process in these proceedings, the government has thus far deprived him of the ability to be present at his own hearing and to meaningfully consult with his attorney.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite. 400
Seattle, WA 98104
Tel. (206) 957-8611

1    If Mr. Anaya Murcia is not returned, his right to defend himself and submit his applications for

2    relief will be eviscerated.

3        67.    By preventing Plaintiff from re-entering the United States, Defendants have thus

4    deprived Plaintiff of a fundamentally fair hearing and have grossly interfered with Plaintiff's

5    ability to consult with his attorneys and prepare for his upcoming removal hearing in violation of

6    8 U.S.C. § 1362 and the Due Process Clause.

7                                   **<u>COUNT FOUR</u>**

8                          **Mandamus Action, 28 U.S.C. § 1361**

9        68.    Plaintiff repeats and incorporates by reference each and every allegation

10   contained in the preceding paragraphs as if fully set forth herein.

11       69.    28 U.S.C. § 1361 permits this Court to compel Defendants to perform a duty

12   owed to the Plaintiff, Mr. Anaya Murcia.

13       70.    Mandamus may be granted when "(1) the individual's claim is clear and certain;

14   (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free

15   from doubt, and (3) no other adequate remedy is available." *Kildare v. Saenz*, 325 F.3d 1078,

16   1084 (9th Cir. 2003).

17       71.    Defendants have a ministerial, nondiscretionary obligation to fairly administer

18   removal proceedings against Mr. Anaya Murcia, and therefore to allow Plaintiff to participate in

19   his removal proceedings and access counsel where he has prevailed on a timely filed appeal that

20   is binding on Defendants. *See* 8 U.S.C. §§ 1229a(b)(2)-(4). The INA provides that the Attorney

21   General, through the Executive Office of Immigration Review and other agencies, "*shall* conduct

22   proceedings for deciding the inadmissibility or deportability of [a noncitizen]." 8 U.S.C. §

COMPLAINT – 18
Case No. 2:19-cv-587

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite. 400
Seattle, WA 98104
Tel. (206) 957-8611

1229a(a)(1) (emphasis added). DHS has a duty to enforce U.S. Immigration Laws, and this includes statutory rights enacted by Congress in the INA.

72.     Defendants also have a duty to comply with orders issued by immigration courts or the Board and that are binding upon them, including a Board's order vacating an *in absentia* order and reopening proceedings and an immigration court order requiring an individual's presence in their continued removal proceedings. Moreover, the regulations provide that the immigration court "*shall*" request intervention by the United States Attorney and United States District Court where a Subpoena has not been complied. 8 C.F.R. § 1003.35(b)(6).

73.     Defendants' continuing refusal to return Mr. Anaya Murcia to the United States prevents him from being present and participating in his removal proceedings, as has been ordered by the IJ, and accessing counsel in violation of Defendants' clear obligation under both the INA, APA, and Due Process Clause.

## COUNT FIVE

## All Writs Act, 28 U.S.C. § 1651

74.     Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

75.     28 U.S.C. § 1651 provides the Supreme Court and all courts established by Act of Congress to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

76.     If this Court finds that there is no other vehicle for providing relief to Plaintiff for Defendants' violations to Mr. Anaya Murcia, the Court may still grant relief through the All Writs Act as deemed necessary and proper to ensure that Mr. Anaya Murcia can attend and fully participate in his removal proceedings, as is his right having prevailed on his motion to reopen.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite. 400
Seattle, WA 98104
Tel. (206) 957-8611

**PRAYER FOR RELIEF**

**WHEREFORE**, Mr. Anaya Murcia respectfully asks the Court to:

(1)     Assume jurisdiction over this matter;

(2)     Declare that Defendants' refusal to facilitate Mr. Anaya Murcia's return to the United States for purposes of appearing at his removal proceedings is contrary to law, and violates the INA, the APA, and the Fifth Amendment Due Process Clause;

(3)     Issue an Order requiring Defendants to immediately facilitate Mr. Anaya Murcia's return to the United States without further delay—either pursuant to Fed. R. Civ. P. 65, or pursuant to this Court's inherent powers under 28 U.S.C. § 1361, 28 U.S.C. § 1651 and Article III— including paying for the expenses of his return flight;

(4)     Enjoin Defendants from preventing Mr. Anaya Murcia from being present at and participating in his immigration proceedings and meaningfully accessing his counsel;

(5)     Award counsel reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412, 28 U.S.C. § 1920, and any other relevant authority; and

(6)     Grant any other and further relief that this Court may deem fit and proper.


     Respectfully submitted on this 18th day of April, 2019.


          s/ Matt Adams
          Matt Adams, WSBA No. 28287

          s/ Maria Lucia Chavez
          Maria Lucia Chavez, WSBA No. 43826

          NORTHWEST IMMIGRANT RIGHTS PROJECT
          615 Second Avenue, Suite 400
          Seattle, WA 98104
          Telephone: (206) 957-8611
          Email: matt@nwirp.org
                  malou@nwirp.org

COMPLAINT – 20
Case No. 2:19-cv-587

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite. 400
Seattle, WA 98104
Tel. (206) 957-8611