UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILBERT ALEXANDER ANAYA MURCIA,

    Plaintiff,

 v.

ELIZABETH GODFREY, et al.,

    Defendants.

CASE NO. C19-0587JLR-BAT

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

## INTRODUCTION

  Plaintiff, a native and citizen of El Salvador who was removed from the United States to El Salvador in June 2017, brings this action to obtain a court order requiring defendants to facilitate and pay for his return to the United States so that he can participate in his pending immigration proceedings. *See* Dkt. 1. Currently before the court is plaintiff's motion for a temporary restraining order directing defendants to facilitate his return prior to his August 29, 2019, immigration hearing. Dkt. 12. Defendants oppose the motion. Dkt. 16.

//

ORDER DENYING PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER - 1

Having considered the parties' submissions, the balance of the record, and the governing law, the court DENIES the motion without prejudice, as explained below.[1]

## BACKGROUND

Plaintiff arrived in the United States as a 14-year-old unaccompanied minor in May 2012 near Hidalgo, Texas. Dkt. 1 at ¶¶ 10-11; Dkt. 13 at ¶ 4. Upon his arrival, he was placed into removal proceedings and detained in the custody of the Office of Refugee Resettlement in San Antonio, Texas. Dkt. 1 at ¶ 11. In August 2012, he was released into the custody of his mother, who lived in Seattle. *Id.* at ¶ 12. In November 2016, the Seattle Immigration Court ordered him removed *in abstentia*. *Id.* at ¶ 16; Dkt. 13 at ¶ 5.

When plaintiff learned that he had been ordered removed, he timely filed a motion to reopen his removal proceedings and rescind his *in abstentia* order so that he would have an opportunity to apply for asylum, withholding of removal, and relief under the Convention Against Torture. Dkt. 13 at ¶ 6. After he filed the motion to reopen, defendants took him into custody. Dkt. 1 at ¶ 19. On March 13, 2017, the immigration judge ("IJ") denied his motion to reopen. Dkt. 13 at ¶ 7. Plaintiff filed a timely notice of appeal to the Board of Immigration Appeals ("BIA"). *Id.* In June 2017, while his appeal was pending, defendants executed the removal order and removed him to El Salvador. *Id.* at ¶ 8.

//

---

[1] Plaintiff's request for oral argument, Dkt. 12 at 1, is DENIED. The parties have thoroughly briefed the issues and oral argument would not be of assistance to the court. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998) (court may deny request for oral argument when parties submit briefs to the court).

On April 13, 2018, the BIA granted plaintiff's appeal, vacated the *in abstentia* order, and remanded his case to the immigration court for further proceedings. Dkt. 13-2. Plaintiff subsequently retained the Northwest Immigrant Rights Project to represent him in his removal proceedings. Dkt. 13 at ¶ 11. Plaintiff's counsel made numerous efforts to obtain defendants' agreement to facilitate his return to the United States, but defendants did not agree. *See id.* at ¶¶ 12-15; Dkts. 13-4, 13-5, 13-8.

The immigration court scheduled a master calendar hearing for August 1, 2018. Dkt. 13 at ¶ 15. Counsel for plaintiff appeared and informed the IJ that plaintiff had been removed during the pendency of his appeal and that she was attempting to facilitate his return to the United States. *Id.* The IJ continued plaintiff's proceedings and scheduled another hearing for January 2, 2019. *Id.* Defendants moved to dismiss his removal proceedings, and plaintiff moved to obtain a subpoena ordering him to appear for his immigration proceedings. *See* Dkt. 13-3. On November 14, 2018, the IJ denied defendants' motion and granted plaintiff's motion, noting that plaintiff "can seek an order through a United States District Court to enforce a subpoena." *Id.* at 5-6 (citing *Grace v. Sessions*, No. 18-1853, 2018 WL 3812445, at *2-*4 (D.D.C. Aug. 9, 2018)). The IJ issued a subpoena ordering plaintiff to appear at the January 2, 2019 hearing "to give testimony in connection with the removal proceedings being conducted . . . concerning your asylum application, testimony, and presentation of evidence." *Id.* at 3. The subpoena did not order defendants to take any action to facilitate plaintiff's return. *See id.*

On December 12, 2018, the immigration court rescheduled plaintiff's January 2, 2019 hearing to August 29, 2019. Dkt. 13-6.

ORDER DENYING PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER -
3

Plaintiff initiated this action on April 18, 2019. Dkt. 1. He claims that defendants' refusal to facilitate his return to the United States so that he can participate in his removal proceedings violates the Immigration and Nationality Act, the Administrative Procedures Act, the Fifth Amendment, the Mandamus Act, and the All Writs Act. *Id.* On July 26, 2019, defendants filed a motion to dismiss for lack of subject matter jurisdiction, or alternatively, for failure to state a claim. Dkt. 9. The motion to dismiss is noted for August 23, 2019. Plaintiff filed the instant motion for a temporary restraining order on July 30, 2019. Dkt. 12. Defendants filed their opposition on August 1, 2019. Dkt. 16.

## DISCUSSION

The standard for issuing a temporary restraining order is the same as that for a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff may also qualify for a preliminary injunction by showing that there are serious questions going to the merits of his claim and that the balance of hardships tips sharply in his favor, so long as the irreparable harm and the public interest factors in *Winter* are also met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

A request for a mandatory injunction seeking relief well beyond the status quo is disfavored in the law and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994). In

ORDER DENYING PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER - 4

general, mandatory injunctions should not be granted "unless extreme or very serious damage will result" and should not be issued "in doubtful cases or where the injury complained of is capable of compensation in damages." *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979); *see also Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (stating that "the movant must make a heightened showing of the four factors" (citation and quotation marks omitted)).

The court need not address all of the *Winter* factors because plaintiff has not established that he is likely to suffer irreparable harm in the absence of a temporary restraining order. Plaintiff asserts that he "faces the likelihood of severe harm as he remains 'stranded . . . and living in hiding' to avoid the danger he sought to escape by coming to the United States to seek asylum." Dkt. 12 at 20 (quoting Dkt. 1 at ¶ 49 and citing Dkt. 13 at ¶ 20). Plaintiff's counsel attests that he informed her "of the danger he is in. [He] has been in hiding in El Salvador since June 2017 because he is afraid of being persecuted." Dkt. 13 at ¶ 20. While the court is sympathetic to any hardship plaintiff may be suffering, his statements are too general to establish a likelihood of irreparable harm. Although plaintiff has been in El Salvador for over a year, he only makes the vague and conclusory claim that he is in "danger." He does not identify any specific harm that he has suffered or that he is likely to suffer in the absence of preliminary injunctive relief.

Plaintiff also argues that he will suffer irreparable harm if he is unable to attend the August 29, 2019, immigration court hearing. But there is no indication in the record that this deadline is immovable. As defendants argue, plaintiff has not explained why he is not able to seek an additional continuance in the immigration court while this court considers

ORDER DENYING PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER - 5

the merits of his claims in an orderly, rather than expedited, fashion. *See* Dkt. 16 at 8. The IJ encouraged plaintiff to file this action, and given the IJ's willingness to reschedule the January 2, 2019, hearing to allow time for plaintiff's counsel to arrange for his return, it is reasonable to expect that the IJ would consider another request from plaintiff to reset the hearing for a date after this matter has concluded in due course. If, however, plaintiff makes a good faith effort to obtain a continuance of the August 29, 2019, hearing from the immigration court and is denied, he may file another motion seeking a temporary restraining order in this court.[2] Plaintiff should attempt to continue the hearing as soon as possible and file a status report with the Court within 24 hours of receiving the immigration court's response to his motion.

## CONCLUSION

For the foregoing reasons, the court DENIES without prejudice plaintiff's motion for a temporary restraining order. Dkt. 12. If, after making a good faith effort, plaintiff is unable to continue the August 29, 2019, immigration court hearing to a date after the present action has concluded, plaintiff may file another motion for temporary restraining order in this court. Under all circumstances, plaintiff shall file a status report with this court within 24 hours of receiving the immigration court's ruling on any request for a

//

---

[2] The court notes defendants' contention that, even if plaintiff is ordered removed *in abstentia* at the August 29, 2019, hearing, he would not suffer irreparable harm because he could challenge that determination by appealing to the BIA and, if necessary, filing a petition for review in the Ninth Circuit. *See* Dkt. 16 at 7-8. If plaintiff files another motion for temporary restraining order, the court will consider this argument then, if appropriate.

ORDER DENYING PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER -
6

continuance. The Clerk shall send a copy of this order to the parties and the assigned Magistrate Judge.

DATED this 1st day of August, 2019.

JAMES L. ROBART
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER - 7